UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES W. GIBBENS, ET AL | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 08-572-JVP-DLD |
| AQUA-CHEM, INC., ET AL | |

# RULING ON
# MOTION TO DISMISS

This action is before the court on a motion by defendant, Union Pacific Railroad Company, to dismiss First Supplement and Amendment to the Original Petition for Damages (doc. 3). Jurisdiction is founded on federal question under 28 U.S.C. § 1331. The matter is now submitted and plaintiffs have filed no opposition to the motion. There is no need for a hearing.

## FACTS AND PROCEDURAL HISTORY

This action was originally filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge and involves multiple plaintiffs suing multiple defendants for damages alleged to have been caused by asbestos exposure. Prior to removal of the action on September 11, 2008, plaintiffs filed the First Supplement and Amendment to the Original Petition for Damages.

1

The supplement and amendment to the petition lists Union Pacific Railroad Company as a defendant and alleges that Union Pacific Railroad Company is liable for damages allegedly suffered by decadent, J. W. Osborne, as a result of his exposure to asbestos in the course of his employment with the company. The pleading also maintains that the "rights and liabilities of the parties are governed by the Federal Employers' Liability Act, 45 U.S.C. § 1, et seq., which grants this Court jurisdiction over this action."[1] (First Supplement and Amendment to Petition, ¶¶ 36A-36G).

On September 15, 2008, citing Rule 12(b)(6) of the Federal Rules of Civil Procedure, Union Pacific Railroad Company filed the current motion for dismissal of the claim asserted against it on behalf of decedent, J. W. Osborne.

**LAW AND ARGUMENT**

45 U.S.C. § 51 provides in pertinent part:

> Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, *in the case of the death of such employee, to his or her personal representative*, for the benefit of the surviving widow, or husband and children of such employee; and if none, then of such employee's parents; and if none, then

---

[1] Plaintiffs' reference to 45 U.S.C. § 1 appears to be a typographical error as sections 1-43a of Title 45 were repealed in 1994. *See* Pub.L 103-272, § 7(b), July 5, 1994, 108 Stat. 1379. The correct citation for the Federal Employers' Liability Act is 45 U.S.C. § 51, et seq.

>of the next of kin dependent upon such employee, for such injury or death resulting in whole or part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51 (italics added).

Union Pacific Railroad Company notes that plaintiffs have not identified any plaintiff as the personal representative of the decedent and contends that the pleading therefore fails to state a cause of action under which relief can be granted (doc. 3-3, pp. 1-2).

The Fifth Circuit holds that, pursuant to 45 U.S.C. § 51, an action under the Federal Employers' Liability Act may only be maintained by the deceased's "personal representative" and construes the term "to mean an executor or administrator of the deceased's estate, not simply an heir." *Lang v. Texas & P. Ry. Co.*, 624 F.2d 1275, 1277 (5th Cir. 1980) (citing *Briggs v. Walker*, 171 U.S. 466, 19 S.Ct. 1, 43 L.Ed. 243 (1898)).[2]  Thus, only the executor or administrator of a decedent's estate has the capacity to assert a Federal Employers' Liability claim on behalf of that decedent. *Lang*, 624 F.2d at 1277.

---

[2] Capacity to sue is limited to the decedent's personal representative, not to ensure that the proper party is before the court, but "to ensure all beneficiaries and heirs access to whatever funds might result from the litigation and to guarantee that the railroad will not be subject to multiple recoveries." *Lang*, 624 F.2d at 1277.

3

Neither the original nor the amended petition alleges that any plaintiff in this action is a personal representative of J. W. Osborne. Thus, nothing in the pleadings indicates that any plaintiff in this action has the capacity to assert a Federal Employers' Liability Act claim on behalf of the survivors of J. W. Osborne.[3] The court therefore concludes that plaintiffs' pleadings fail to state a claim upon which relief can be granted. Moreover, finding that no other claims are asserted against defendant, Union Pacific Railroad Company, the court also determines that there is no just reason to delay entry of judgment in favor of Union Pacific Railroad.[4]

## CONCLUSION

Accordingly, the motion by defendant, Union Pacific Railroad Company to dismiss First Supplement and Amendment to the Original Petition for Damages (doc. 3), is hereby **GRANTED**. The claim asserted against defendant, Union Pacific Railroad Company shall be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and judgment shall be entered in favor of Union Pacific Railroad and dismissing it from this action.

---

[3] The court also notes that the current motion to dismiss put plaintiffs on notice of this defect in the pleading, yet plaintiffs neither opposed the motion nor moved to amend the petition to allege facts that could establish a capacity to sue under the Federal Employers' Liability Act.

[4] *See* Fed.R.Civ.P. 54(b) providing that "[w]hen more than one claim for relief is presented in an action, . . . the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

The action is also hereby referred to Magistrate Judge Docia L. Dalby to ready the matter for trial.

Baton Rouge, Louisiana, October 29, 2008.

                                                 JOHN V. PARKER
                                                 UNITED STATES DISTRICT JUDGE
                                                 MIDDLE DISTRICT OF LOUISIANA